**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANTHONY WILLIAMS, ET AL.,**                                                      **PLAINTIFFS,**

**VS.**                                          **CIVIL ACTION NO. 4:05CV192-P-A**

**COLDWELL BANKER REAL ESTATE
CORP., ET AL.,**                                                           **DEFENDANTS.**

## ORDER

This matter comes before the court upon Defendant Coldwell Banker Real Estate Corporation's Motion to Dismiss Amended Complaint [108-1] pursuant to Fed. R. Civ. P. 12(b) and 28 U.S.C. § 1367(c)(3). After due consideration of the motion, the court finds as follows, to-wit:

Essentially, the defendants argue that the plaintiffs' Amended Complaint should be dismissed pursuant to Rules 12(b)(6) and 9(b) because it does not state a claim under RICO, 18 U.S.C. § 1961 *et seq.* given that such claims have not been pled with particularity as required by Rule 9(b).

**A. Rule 12(b)(6) Standards**

It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case. *E.g., Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). On a Rule 12(b)(6) motion, the court's inquiry is essentially limited to the content of the complaint. *E.g., Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994), *cert. denied* 513 U.S. 868. While deciding a Rule 12(b)(6) motion, allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.

*E.g., Shipp v. McMahon*, 234 F.3d 907 (5th Cir. 2000), *cert. denied* 532 U.S. 1052.

The test usually applied to determine the sufficiency of the complaint was set out in *Conley v. Gibson*, 355 U.S. 41 (1957). Justice Black, writing for the majority, wrote:

> [I]n appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45-46.

**B. Rule 9(b) Standards**

Fed. R. Civ. P. 9(b) provides in pertinent part: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) applies to RICO actions based on allegations of fraud. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). In *Hart v. Bayer Corp.*, 1999 F.3d 239 n. 6 (5th Cir. 2000), the Fifth Circuit Court of Appeals wrote with regard to Rule 9(b):

> Although the particularity demanded by Rule 9(b) differs with the facts of each case, *see Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992), a plaintiff pleading fraud must set forth "the who, what, when, and where ... before access to the discovery process is granted." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim. *See Tuchman*, 14 F.3d at 1067.
>
> But a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling. *See Cates v. International Telephone and Telegraph Co.*, 756 F.2d 1161, 1180 (5th Cir. 1985) ("But such deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances.") Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so. *See O'Brien v. Nat'l Property Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991).

## C. RICO Standards

With regard to RICO, the Fifth Circuit has stated:

Reduced to their simplest terms, [the RICO subsections] state that:(a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise; (b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity; (c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and (d) a person cannot conspire to violate subsections (a), (b), or (c).

*Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995).

Any RICO claim necessitates (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Id*.

The statute defines the RICO person as including "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3).

"A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williams*, 224 F.3d 425 (5th Cir. 2000). "'Racketeering activity' includes acts indictable under 18 U.S.C. § 1341(relating to mail fraud) and § 1343 (relating to wire fraud).18 U.S.C. § 1961(1)(B)." *Whelan v. Winchester Production Co.*, 319 F.3d 225, 229 n. 5 (5th Cir. 2003). To establish wire fraud, one "must prove that a defendant knowingly participated in a scheme to defraud, that interstate wire communications were used to further the scheme, and that the defendants intended that some harm result from the fraud." *U.S. v. Powers*, 168 F.3d 741, 746 (5th Cir. 1999). Mail fraud requires the plaintiffs to prove : "(1) a scheme to defraud (2) which involves a use of the mails (3) for the purpose of executing the scheme." *U.S. v. McClelland*, 868 F.2d 704, 706 (5th Cir. 1989).

3

An "enterprise" can be "any individual, partnership, corporation, association, or other legal entity and a union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An association-in-fact enterprise: "(1) must have an existence separate and apart from the pattern of racketeering, (2) must be an ongoing organization and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure.'" *Crowe*, 43 F.3d at 205 (citing *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241 (5th Cir. 1988))."'Moreover, plaintiffs must plead specific facts, not mere conclusory allegations, which establish the enterprise." *Montesano v. Seafirst Commercial Group*, 818 F.2d 423, 427 (5th Cir. 1987).

**D. Conclusion**

The court concludes that given the standards discussed above, the plaintiffs have met their pleading burden placed upon them by Rule 9(b) regarding their RICO claims in the Amended Complaint. Accordingly, the court concludes that the plaintiffs' RICO claims in their Amended Complaint are formally sufficient to defeat a Rule 12(b)(6) motion. The court reaches this conclusion without regard to the merits of any of the plaintiffs' claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Coldwell Banker Real Estate Corporation's Motion to Dismiss Amended Complaint [108-1] is **DENIED**.

**SO ORDERED** this the 5th day of February, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE