IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANTHONY WILLIAMS, EUGENE
and TONIKA DAVIS, and BERTHA
SUTTON,                                                                                         PLAINTIFFS,

VS.                                                                       CIVIL ACTION NO. 4:05CV192-P-A

COLDWELL BANKER FIRST
GREENWOOD-LEFLORE REALTY,
INC.; LEFLORE PROPERTIES, INC.;
JIM PRUETT, LINDA PRUETT,
BANK OF COMMERCE; STATE
BANK & TRUST COMPANY; and
TERRY GREEN,                                                                                  DEFENDANTS.

## ORDER COMPELLING ARBITRATION

These matters come before the court upon Defendant State Bank & Trust Company's Motion to Compel Arbitration [276] of the claims of Eugene Davis, as well as Defendants Bank of Commerce and Terry Green's [287] and Defendants Linda Pruett and Coldwell Banker First Greenwood-Leflore Realty, Inc.'s [288] joinders therein. After due consideration of the motions, the court finds as follows, to-wit:

State Bank filed their motion on January 10, 2008. The other defendants filed their joinders on January 23 and 24, 2008. The plaintiffs filed no response.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract " shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S.

1

468, 476 (1989); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The Fifth Circuit Court of Appeals has also consistently favored arbitration. "The FAA expresses a strong national policy in favoring arbitration of disputes, and all doubts concerning arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even an illiterate person is charged with reading a contract); *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Turner v. Terry*, 799 So.2d 25, 36 (Miss. 2001) ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence.").

Defendant State Bank moves to compel arbitration of Eugene Davis' claims pursuant to an arbitration agreement he signed on September 4, 2007 in connection with setting up a deposit account. The agreement states in pertinent part that: "Any claim ... between Customer and Bank ... (whether in contract, tort, or otherwise, whether pre-existing, present or future, and including statutory, common law, intentional tort or equitable claims), arising from or relating to any matter, including but not limited to, the Deposit Account ... shall be resolved upon the unilateral or joint election of Customer or Bank ... by binding arbitration."

In their joinders to State Bank's motion to compel, the other defendants in this case move to compel arbitration of Eugene Davis' claims against them based on the arbitration agreement between Davis and State Bank pursuant to the equitable estoppel doctrine enunciated in *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524 (5th Cir. 2000).

The Fifth Circuit Court of Appeals in *Grigson* adopted the following Eleventh Circuit test contained in *MS Dealer Services Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999):

> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances.
>
> First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate.
>
> Second, application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Grigson*, 210 F.3d at 527 (citing with approval *Franklin*, 177 F.3d at 947) (reformatted for clarity).

The second, alternative test for equitable estoppel requires that the plaintiff signatories raise "allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." The court concludes that the very nature of Eugene Davis' RICO claims against all defendants in this matter allows the second test for the equitable estoppel doctrine discussed in *Grigson* to apply in this case.

Any RICO claim necessitates (1) a person who engages in (2) a pattern of racketeering

activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995). An "enterprise" can be "any individual, partnership, corporation, association, or other legal entity and a union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williams*, 224 F.3d 425 (5th Cir. 2000).

Eugene Davis asserts that all of the defendants, the signatory and nonsignatories to the arbitration agreement between Davis and State Bank, are liable for participating in an enterprise of racketeering activity. For example, paragraph 1 of the Amended Complaint states: "Each Defendant named above, as is set forth in the paragraphs that follow, has violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962, *et seq*. (RICO)." Paragraph 2 states: "In particular, each Defendant named above has participated in a pattern of 'racketeering activity' by each committing two or more violations of Federal criminal statutes, including statutes relating to mail fraud and wire fraud." Paragraph 3 states: "These Defendants each were members of a group of persons, who invested in and/or maintained an interest in, and/or participated in an 'enterprise,' which was engaged in and/or which affected interstate commerce."

The plaintiffs' RICO claims against all defendants include reference to and the existence of the deposit account between State Bank and Eugene Davis. Furthermore, the RICO claims constitute "allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."

Accordingly, the court concludes that State Bank's motion to compel arbitration of Eugene

Davis' claims against them should be granted pursuant to the Federal Arbitration Act. The other defendants' joinders in that motion should be granted pursuant to *Grigson*.

Since all of Eugene Davis' claims against State Bank, Bank of Commerce, Terry Green, Linda Pruett, and Coldwell Banker First Greenwood-Leflore Realty, Inc. should be compelled to arbitration, they should be dismissed from this action without prejudice . This is appropriate given that all of Eugene Davis' claims in this action are covered by the arbitration agreement. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant State Bank & Trust Company's Motion to Compel Arbitration [276] of the claims of Eugene Davis is **GRANTED**; therefore

(2) All of Eugene Davis' claims against State Bank & Trust Company are **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED TO BINDING ARBITRATION**;

(3) Defendants Bank of Commerce and Terry Green's [287] and Defendants Linda Pruett and Coldwell Banker First Greenwood-Leflore Realty, Inc.'s [288] joinders therein are **GRANTED**; therefore,

(4) All of Eugene Davis' claims against Bank of Commerce, Terry Green, Linda Pruett, and Coldwell Banker First Greenwood-Leflore Realty, Inc. are **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED TO BINDING ARBITRATION**; and

(5) Eugene Davis' claims against Defendants Jim Pruett and Leflore Properties, Inc., who filed no joinder in the instant motions, remain.

**SO ORDERED** this the 13th day of March, A.D., 2008.

<u>/s/ W. Allen Pepper, Jr.</u>
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE